**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>PAUL W. GRIMM<br>UNITED STATES DISTRICT JUDGE | 6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0670<br>(301) 344-3910 FAX |

July 10, 2014

RE: *Science Systems and Applications, Inc. v. United States of America, et al.*
   PWG-14-2212

**LETTER ORDER**

Dear Counsel:

   Plaintiff Science Systems and Applications, Inc. ("SSAI") has filed a Complaint and Motion for Emergency Injunctive Relief (the "Compl."), ECF No. 1, in the above-captioned action against Defendants the United States of America, the National Oceanic and Atmospheric Administration ("NOAA"), and 2020 Company, LLC.  In its Complaint, SSAI purports to state a claim for violations of the Procurement Integrity Act, 41 U.S.C. § 2102, and the Federal Information Security Management Act, 44 U.S.C. § 3541.  Compl. ¶¶ 22–26.  SSAI claims that this Court has jurisdiction over its claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, because they sound in negligence under Maryland law.  Compl. ¶ 28.  It does not appear that any Defendants have been served, or even that a summons has been issued by the Clerk of this Court.  However, the "Motion for Emergency Injunctive Relief" appears to sound in a motion for a temporary restraining order under Fed. R. Civ. P. 65(b), which may be considered ex parte.

   It is well-settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  "In the absent of clear congressional consent, then, 'there is no jurisdiction . . . to entertain suits against the United States.'"  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *Sherwood*, 312 U.S. at 587–88).  And "'[i]n a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies.'"  *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976).

   Here, SSAI essentially seeks a remedy for alleged breaches of the Procurement Integrity Act.  That act expressly provides for a range of "Penalties and administrative actions" under 41 U.S.C. § 2105, including criminal penalties for certain breaches of the statute, civil penalties in an action brought by the Attorney General of the United States, and a series of administrate actions that an agency may take to remedy a breach.  *See id.*  But notably absent from the statute is a private right of action such as SSAI seeks to assert here.  *Id.*

   SSAI appears to try to get around this limitation by bringing functionally identical claims under alternative theories, relying on Maryland tort law and the Federal Information Security

Management Act.  However, it does not appear that Maryland tort law would allow Plaintiff to bring an action against the United States that clearly is not provided for under federal law.  And the Federal Information Security Management Act—which relates specifically to how federal agencies manage their information and requires, *inter alia*, the establishment of protocols respecting information security—appears to be an even weaker foundation on which to rest a private action; it simply does not address any specific rights of private individuals as against the United States or its agencies.

To obtain a preliminary injunction or a TRO, the plaintiff must "establish that [1] he is likely to succeed on the merits, [2] he is likely to suffer irreparable harm in the absence of preliminary relief, [3] the balance of equities tips in his favor, and [4] an injunction is in the public interest."  *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011).  As a preliminary injunction is "an extraordinary remedy . . . [it] may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.  Although SSAI has purported to demonstrate that it will suffer irreparable harm, it has not demonstrated that it is likely to prevail on the merits or, for that matter, that it has a valid claim for relief at all.  To the contrary, because SSAI has not cited a valid cause of action or basis for jurisdiction over its claims, it is not clear that this Court can maintain jurisdiction under 28 U.S.C. § 1331 or 1346.

Accordingly, Plaintiff's Motion for Emergency Injunctive Relief, construed as a Motion for a Temporary Restraining Order, is DENIED, and Plaintiff SHALL SHOW CAUSE within fourteen (14) days why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), addressing the issues raised herein and providing adequate authority as required by Loc. R. 105.1.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Paul W. Grimm
United States District Judge

dsy